UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

JUAN MURUDUMBAY,

                         Plaintiff,

               -v-

29 STREET STONE INC., et al,

                      Defendants.

------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/8/2025

25-cv-2610 (LJL)

MEMORANDUM AND
ORDER

LEWIS J. LIMAN, United States District Judge:

      Plaintiff Juan Murudumbay ("Plaintiff") brings this action under the Fair Labor Standards Act of 1938 ("FLSA"), the New York Labor Law ("NYLL"), and the New York Wage Theft Prevention Act against his employers 29 Stone Street Inc. and Rafael Gavartin ("Defendants"), alleging that he worked hours before 9:00 a.m. and after 5:00 p.m. in exchange for "inconsistent and arbitrary payments" without being paid overtime.  Dkt. No. 1 ¶ 52.  Defendants have filed a counterclaim alleging that they loaned funds to Plaintiff for his payment of an immigration attorney without being repaid.  Dkt. No. 23.  Plaintiff denies the allegation but admits that Defendants gave Plaintiff a minimal loan that Plaintiff quickly repaid in the course of his employment.  Dkt. No. 32 ¶ 5.  Defendants now move, pursuant to Federal Rule of Civil Procedure 37(a), to compel the production of discovery by Plaintiff.  Dkt. No. 38.  The motion is opposed by Plaintiff.  Dkt. No. 40.  With leave of Court, Dkt. No. 41, Defendants have filed a reply letter in further support of their motion.  Dkt. No. 42.

      Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering . . . whether the burden or expense of the

proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b).  "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*  "[T]he determination whether . . . information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action." *Collens v. City of New York*, 222 F.R.D. 249, 252–53 (S.D.N.Y. 2004) (quoting Fed. R. Civ. P. 26 advisory committee notes to 2000 amendment).  "The Court has the authority to limit the frequency and extent of discovery otherwise allowed by the Federal Rules if, among other reasons, the discovery sought is not proportional to the needs of the case, the burden or expense of the proposed discovery outweighs its likely benefit, or it is unreasonably cumulative or duplicative." *Mangahas v. Eight Oranges Inc.*, 2022 WL 14106010, at *1 (S.D.N.Y. Oct. 24, 2022).

Each of the requests in Defendants' First Request for Production of Documents ("RFD") is at issue.  Request 1 in the RFD calls for a copy of Plaintiff's social security card.  Dkt. No. 38-1 at 2.  Request 2 calls for copies of Plaintiff's federal and New York State tax returns for the years 2019 through 2024, including W-2 forms.  *Id.*  Request 3 calls for copies of any retainer agreements entered into between Plaintiff and any attorney who has represented Plaintiff with respect to his immigration status.  *Id.*  Request 4 calls for copies of checks or other documents issued by Plaintiff to all attorneys who have represented him with respect to his immigration status, including any ledgers maintained by Plaintiff.  *Id.*

Plaintiff has refused to produce any documents in response to Requests 1–4 of the RFD, claiming that the requests are not proportional to the needs of the case and citing *Rosas v. Alice's Tea Cup, LLC*, 127 F. Supp. 3d 4 (S.D.N.Y.  2015).  Defendants respond that Plaintiff's immigration status is relevant because they have pled a counterclaim seeking reimbursement of over $70,000 in monies loaned to Plaintiff to hire an immigration attorney.  Dkt. No. 42.

Courts generally are reluctant to permit discovery of a Plaintiff's immigration status in

FLSA and NYLL cases. *See Rosas*, 127 F. Supp.3d at 8–10. "The law is clear that that 'any individual' is entitled to pursue an action under the Fair Labor Standards Act." *Quintanilla v. Suffolk Paving Corp.*, 2019 WL 1513455, at *1 (E.D.N.Y. Apr. 4, 2019) (internal quotation marks omitted) (quoting *Francois v. Mazer*, 2012 WL 1506054, at *1 (S.D.N.Y. Apr. 24, 2012) (quoting 29 U.S.C. § 203(e)(1))); *see also Colon v. Major Perry Street Corp.*, 987 F. Supp. 2d 451, 453 (S.D.N.Y. 2013) ("[U]ndocumented workers . . . [are] eligible to recover unpaid minimum wage and overtime wages under FLSA."). "It follows, and courts have long held, that inquiry into a plaintiffs' immigration status is generally 'irrelevant and impermissible' in a FLSA case." *Keawsri v. Ramen-Ya Inc.*, 2022 WL 2162981, at *4 (S.D.N.Y. May 5, 2022) (quoting *Colon*, 987 F. Supp. 2d at 464 (citing cases)); *see also Francois*, 2012 WL 1506054, at *1; *Rodriguez v. Pie of Port Jefferson Corp.*, 48 F. Supp. 3d 424, 426–27 (E.D.N.Y. 2014); *Galindo v. Vanity Fair Cleaners*, 2012 WL 2510278, at *3–4 (S.D.N.Y. Jun. 29, 2012); *Garcia v. BAE Cleaners Inc.*, 2011 WL 6188736, at *1 (S.D.N.Y. Dec. 12, 2011); *Solis v. Cindy's Total Care, Inc.*, 2011 WL 5170009, at *1 (S.D.N.Y. Oct. 31, 2011); *Uto v Job Site Services, Inc.*, 269 F.R.D. 209, 212 (E.D.N.Y. 2010); *Garcia v. Benjamin Group Enters. Inc.*, 2010 WL 2076093, at *2 (E.D.N.Y. May 21, 2010); *Widjaja v. Kang Yue USA Corp.*, 2010 WL 2132068, at *1 (E.D.N.Y. May 20, 2010). Indeed, such inquiry "would inhibit plaintiffs in pursuing their rights," *Zeng Liu v. Donna Karan Int'l, Inc.*, 207 F. Supp. 2d 191, 193 (S.D.N.Y. 2002), and would impose a "chilling effect . . . on enforcement of the FLSA," *Marquez v. Erenler, Inc.*, 2013 WL 5348457, at *1 (S.D.N.Y. Sept. 20, 2013); *see also Colon*, 987 F. Supp. 2d at 464–65 (quoting *Zeng Liu* and *Marquez* for the same propositions). The same principles apply under NYLL. "Even if evidence regarding immigration status were relevant, the risk of injury to the plaintiff[ ] if such information were disclosed outweighs the need for its disclosure, because of the danger of intimidation and of undermining the purposes of the FLSA" and NYLL. *Ji v. Aily Foot Relax*

*Station, Inc.*, 2023 WL 35240, at *1 (S.D.N.Y. Jan. 4, 2023) (quoting *Rosas*, 127 F. Supp. 3d at 11).

Defendant's motion to compel a response to Request 1 is denied.  The only conceivable relevance of the request for Plaintiff's social security card is to inquire into Plaintiff's immigration status and Plaintiff's immigration status is not in itself relevant either to Plaintiff's claims or Defendants' counterclaims.  Information about whether Plaintiff has a social security card has some distant relevance to Defendants' counterclaims.  If Plaintiff does not have a social security card and therefore is neither a citizen nor a non-citizen with permission to work, it may make it more likely that Plaintiff had an immigration lawyer.  But the relevance is attenuated and the requested discovery is disproportionate to the needs of the case.

Defendant's motion to compel a response to Request 2 also is denied.  "[T]ax returns stand apart from other subjects of discovery due to 'the private nature of the sensitive information contained therein' as well as 'the public interest in encouraging the filing by taxpayers of complete and accurate returns.'"  *Freeman v. Giuliani*, 2025 WL 207628, at *2 (S.D.N.Y. Jan. 14, 2025) (quoting *Xiao Hong Zheng v. Perfect Team Corp.*, 739 F. App'x 658, 660 (2d Cir. 2018)); *see also S.E.C. v. Rayat*, 2023 WL 1861498, at *4 (S.D.N.Y. Feb. 9, 2023) (noting that "'[t]he public policy supporting the courts' sensitive treatment of tax returns is' founded, in part, 'in provisions of the Internal Revenue Code declaring that federal tax returns are confidential communications between the taxpayer and the government'") (quoting 6 Moore's Federal Practice § 26.45[1][b] (3d ed. 2021)).  "A party seeking to compel production of tax returns in civil cases must meet a two-part showing that: '(1) the returns must be relevant to the subject matter of the action, and (2) a compelling need must exist because the information is not readily obtainable from a less intrusive source.'"  *Lopez v. Guzman*, 2018 WL 11411132, at *3 (E.D.N.Y. Nov. 27, 2018) (quoting *Sadofsky v. Fiesta Prods, LLC*, 252 F.R.D. 143, 149

(E.D.N.Y. 2008)); *see Trudeau v. N.Y. State Consumer Prot. Bd.*, 237 F.R.D. 325, 331 (N.D.N.Y. 2006) ("Routine discovery of tax returns is not the rule but rather the exception."). Defendants have not shown that the information they seek is unobtainable through less intrusive sources. Accordingly, the motion to compel the production of Plaintiff's tax returns is denied. *See McConkey v. Churchill Sch. & Ctr.*, 2025 WL 2390626, at *2 (S.D.N.Y. Aug. 18, 2025); *Mangahas*, 2022 WL 14106010, at *2.

The Court grants Defendants' motion to compel responses to Requests 3 and 4. Any retainer agreements Plaintiff entered into with an attorney representing him in connection with his immigration status and checks issued by Plaintiff to attorneys representing him in connection with such status are relevant to Defendants' counterclaim and do not unduly intrude into the nature of his immigration status.[1]

Request 5 calls for evidence that Defendant deducted from Plaintiff's salary sums of money to pay for Plaintiff's immigration "status." Dkt. No. 38-1 at 2. Defendant complains that Plaintiff has produced only a spreadsheet prepared and provided by the defense in response to Request 5. Dkt. No. 38 at 1. Plaintiff responds that the only document he possesses is that generated by Defendants. Dkt. No. 40 at 2. The Court cannot compel Plaintiff to produce what there is no evidence that he has. The motion therefore is denied.

Request 6 calls for copies of any documents showing that Plaintiff worked hours for Defendants from 2020 to present prior to 9:00 a.m. and after 5:00 p.m., and Request 7 calls for copies of receipts of all alleged purchases made by Plaintiff on behalf of Defendants. Dkt. No. 38-1 at 2. In response to Requests 6 and 7, Plaintiff has produced 262 pages of which more than

---

[1] To the extent that a retainer agreement or other document contains privileged information, this order is without prejudice to Plaintiff's assertion of work product protection or the attorney-client privilege. Defendants have not identified documents they seek other than checks paid to an immigration attorney and thus, to the extent that Request 4 extends beyond copies of checks, the motion to compel is denied.

200 are redacted bank records and the remainder are photographs of Plaintiff's payroll checks, the inside of a Home Depot store, one receipt, and photographs taken at unknown locations. Dkt. No. 38 at 1. Plaintiff responds that the photographs reflect work performed by Plaintiff in the course of his employment. Dkt. No. 40 at 2. The motion to compel is granted to the extent that Defendants seek unredacted copies of the bank statements. "In this Circuit, the weight of authority goes against allowing a party to redact information from admittedly responsive and relevant documents based on that party's unilateral determinations of relevancy.'" *McConkey*, 2025 WL 2390626, at *1 (quoting *Tireme Energy Holdings, Inc. v. Immogy Renewables US LLC*, 2022 WL 621957, at *2 (S.D.N.Y. Mar. 3, 2022)). "Similarly, unilateral redactions based on concerns about personal privacy or business sensitivity are routinely disallowed, particularly where a protective order is in place allowing the parties to designate that information 'confidential' and restrict its use." *Id.* (quoting *Tireme Energy*, 2022 WL 621957, at *2). Plaintiff has not demonstrated any good cause for the redactions, particularly where the parties can readily apply for a protective order to ensure the continued confidentiality of irrelevant private information.

Request 8 calls for copies of evidence of any "on the job injury" sustained by Plaintiff, including medical bills, medical records, and the like. Dkt. No. 38-1 at 2. Plaintiff has not produced any documents in response to Request 8 and represents that he does not have any responsive documents. Dkt. No. 40 at 2. The motion therefore is denied with respect to Request 8.[2]

---

[2] Defendants assert that the allegations regarding an on-the-job injury must be withdrawn or stricken, Dkt. No. 42 at 2, but their motion did not seek that relief nor have Defendants demonstrated why it would be appropriate.

Defendants' motion to compel is granted in part and denied in part.  The Clerk of Court is respectfully directed to close the motion at Dkt. No. 38.

SO ORDERED.

Dated: September 8, 2025
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge