```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                               :
JUAN MURUDUMBAY,                                               :
                                                               :
                        Plaintiff,                             :
                                                               :         25-cv-2610 (LJL)
        -v-                                                    :
                                                               :            ORDER
29 STREET STONE INC., et al,                                   :
                                                               :
                        Defendants.                            :
                                                               :
---------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/9/2025

LEWIS J. LIMAN, United States District Judge:

Plaintiff Juan Murudumbay ("Plaintiff") moves, pursuant to Federal Rule of Civil Procedure 37(a), to compel the production of discovery. Dkt. No. 43. Defendants oppose the motion. Dkt. No. 44. The motion is granted in part and denied in part.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering . . . whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* "[T]he determination whether . . . information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action." *Collens v. City of New York*, 222 F.R.D. 249, 252–53 (S.D.N.Y. 2004) (quoting Fed. R. Civ. P. 26 advisory committee notes to 2000 amendment). "The Court has the authority to limit the frequency and extent of discovery otherwise allowed by the Federal Rules if, among other reasons, the discovery sought is not proportional to the needs of the case, the burden or expense of the proposed discovery outweighs its likely benefit, or it is unreasonably cumulative or duplicative." *Mangahas v. Eight Oranges*

*Inc.*, 2022 WL 14106010, at *1 (S.D.N.Y. Oct. 24, 2022).  "The party seeking discovery bears the initial burden of proving the discovery is relevant." *Jones v. Abel*, 2025 WL 1866795, at *1 (S.D.N.Y. July 7, 2025) (quoting *In re Subpoena to Loeb & Loeb LLP*, 2019 WL 2428704, at *4 (S.D.N.Y. June 11, 2019)).

Plaintiff's motion to compel the production of documents responsive to Request 1 in his request for production of documents ("RFD") is denied.  Defendants have admitted that Rafael Gavartin and his brother are shareholders of the corporate defendant and were Plaintiff's supervisors.  Dkt. No. 44.  Plaintiff has not shown the relevance of the requested documents nor that the request is proportionate to the needs of the case.

Plaintiff's motion to compel a response to Request 2, seeking tax returns, is denied. "[T]ax returns stand apart from other subjects of discovery due to 'the private nature of the sensitive information contained therein' as well as 'the public interest in encouraging the filing by taxpayers of complete and accurate returns.'" *Freeman v. Giuliani*, 2025 WL 207628, at *2 (S.D.N.Y. Jan. 14, 2025) (quoting *Xiao Hong Zheng v. Perfect Team Corp.*, 739 F. App'x 658, 660 (2d Cir. 2018)); *see also S.E.C. v. Rayat*, 2023 WL 1861498, at *4 (S.D.N.Y. Feb. 9, 2023) (noting that "'[t]he public policy supporting the courts' sensitive treatment of tax returns is' founded, in part, 'in provisions of the Internal Revenue Code declaring that federal tax returns are confidential communications between the taxpayer and the government'") (quoting 6 Moore's Federal Practice § 26.45[1][b] (3d ed. 2021)).  "A party seeking to compel production of tax returns in civil cases must meet a two-part showing that: '(1) the returns must be relevant to the subject matter of the action, and (2) a compelling need must exist because the information is not readily obtainable from a less intrusive source.'" *Lopez v. Guzman*, 2018 WL 11411132, at *3 (E.D.N.Y. Nov. 27, 2018) (quoting *Sadofsky v. Fiesta Prods, LLC*, 252 F.R.D. 143, 149 (E.D.N.Y. 2008)); *see Trudeau v. N.Y. State Consumer Prot. Bd.*, 237 F.R.D. 325, 331 (N.D.N.Y.

2006) ("Routine discovery of tax returns is not the rule but rather the exception."). Plaintiff has not shown that the information he seeks is unobtainable from any other readily available source.

The motion to compel the production of documents responsive to Request 23 is granted. The documents are relevant. Defendants are obligated to produce documents in their possession, custody, or control. Responsive documents shall be produced by September 16, 2025.

Finally, the motion to compel production of documents responsive to Requests 4, 5, 7, 16, 17, 19, 21 and 22 is denied. Defendants maintain they have no responsive documents. Dkt. No. 44. Plaintiff identifies no facts that would call that representation into question or that would call for "discovery on discovery." *See Roche Freedman LLP v. Cyrulnik*, 2023 WL 3867238, at *1 (S.D.N.Y. Jan. 3, 2023) ("[D]iscovery on discovery is disfavored absent a showing of abuse.").

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 43.

SO ORDERED.

Dated: September 9, 2025
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge