UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

JUAN MURUDUMBAY,

                        Plaintiff,

        -v-

29 STREET STONE INC., et al,

                 Defendants.

------------------------------------------------------------------X

:
:
:
:
:
:
:
:
:
:
:
:
:

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/17/2025

25-cv-2610 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

Plaintiff moves for reconsideration of this Court's order of September 9, 2025, Dkt. No. 47, denying his motion to compel Defendants to produce their tax returns.  Dkt. No. 51.  The motion is denied.

"A motion for reconsideration should be granted only if the movant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *Spin Master Ltd. v. 158*, 2020 WL 5350541, at *1 (S.D.N.Y. Sept. 4, 2020) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)).  "The standard for granting a motion for reconsideration 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the Court.'"  *Justice v. City of New York*, 2015 WL 4523154, at *1 (E.D.N.Y. July 27, 2015) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).  Reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  *In re Health Mgmt. Sys., Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)

(citation omitted).  It is not a "vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

Plaintiff asserts that in Fair Labor Standards Act cases, "an employer is required to provide tax returns to determine if the corporate defendant grossed $500,000 or more to ascertain whether enterprise coverage exists." Dkt. No. 51 at 2.  The principal case that Plaintiff cites, *Cardenas v. 77 Smile Cleaners, Inc.*, 2010 WL 11632683 (E.D.N.Y. Nov. 8, 2010), however, does not support such an absolute proposition.  In that case, in which a FLSA plaintiff sought tax returns to establish enterprise coverage, the court recognized that "[a]lthough tax returns are not privileged, courts have been reluctant to order their routine disclosure in the course of discovery." *Id.* at *2.  And it stated that "in order for the court to order disclosure of tax returns, two conditions must be satisfied: (1) the court must find that the returns are relevant to the subject matter of the action; and (2) there is a compelling need for the returns because the information contained in them is not otherwise readily obtainable." *Id.*  The plaintiff in *Cardenas* compelled the discovery of tax returns because information from the cash register of the store and a handwritten book maintained by the defendant were not able to establish the defendant's annual revenue and because even after plaintiff "reviewed the other information thus far available to them, . . . there remain[ed] some uncertainty as to the Defendants' income." *Id.*

Although the Court did not cite *Cardenas* in its September 9, 2025 order, it recited the test from *Cardenas*.  Dkt. No. 47 at 2.  The Court denied Plaintiff's motion as to tax returns because Plaintiff had not satisfied the second part of the *Cardenas* test and shown that the information he sought was not readily obtainable from a less intrusive source.  *Id.* at 3.  Plaintiff still has not satisfied the second part of that test.

Accordingly, the motion for reconsideration is denied.  The Clerk of Court is respectfully directed to close the motion at Dkt. No. 51.

  SO ORDERED.

Dated: September 17, 2025
   New York, New York

          LEWIS J. LIMAN
        United States District Judge